IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NOTHERN DIVISION

SILAS MARTIN, #146609

PLAINTIFF,

V.                                    CASE NO. 2:06-CV-490-WKW

WARDEN ARNOLD HOLT: WARDEN BOYD,
OFFICER MELVIN CURRY, CO I
CAPT. S. NETTLES:
LT. GWENDOLYN BABERS,
MR. BLACKLEDGE,
SGT. NATHENIEL LAWSON,
SGT C. SPECKS,
OFFICER TALLEY, CO I
STEWARD BARBARA JONES,
SGT. SHAWN LOGAN,
CAPT. KENNETH SCONYER,
OFFICER LASOJA HAYNES, CO I
OFFICER HARVEY RUFFIN, CO I
OFFICER TEW, CO I

## AMENDMENT TO COMPLAINT

Comes now the Plaintiff, and complies with Court's order to amend complaint according to Rule 8, F.R.C.P.

Defendant # I:  Officer Joel Tew, (CO I)

Claims:  Retaliation

Facts dealing with claims: On November 19, 2003, Mr. Mr. Martin brought Federal Civil Richts suit against Sgt. Lewis Hulett, a Correctional Officer, challenging violation of his First Amendment rights. Officer Tew, who works bedside Sgt. Hulett ever day in the Seg unit at Easterling Corr. Fac., wrote inmate Martin two disciplinaries for no reason.

Disciplinaries Dates:  August 19, 2004; November 23, 2004, Easterling Corr. Fac.

1

Constitutional violation:

Officer Tew violated Martin's Rights under the First Amendment by retaliating against martin because Martin filed a Civil Complaint against Sgt. Hulett.

Defendant # II: Sgt. Nathaniel Lawson

Claims: Retaliation

Facts dealing with Claim(s): On November 19, 2003, Mr. Martin brought Federal Civil Rights suit against Sgt. Lewis Hulett, a Correctional Officer, challenging violation of his First Amendment Rights. On August 19, 2004, eight months after Martin sued the Officer, Sgt. Mathaniel Lawson, other Correctional Officers and ALDOC Staff members began to harass Martin. Sgt. Lawson wrote Martin a Disciplinary in retaliation to the civil Complaint that martin filed.

DISCIPLINARY DATE AUGUST 19, 2004

EASTERLING FACILITY

Constitutional violation: Sgt. Lawson violated Martin's Rights under the First Amendment when he retaliated against Martin. Sgt. Lawson violated when he wrote Martin a disciplinary for no reason and when he ordered martin to be placed in a restrictive domitory for no reason. Martin filed several complaints and affidavits against Sgt. lawson in reference to the harassment which will be used as exhibits later in this complaint.

Defendant III: Sgt. Shawn Logan

Claims: Due Process

Facts: On September 1, 2004, at the disciplinary hearing dealing with Defendants # I & II, Sgt. Logan, then a CO I, was the hearing Officer. Sgt. Logan found Martin guilty on the arresting Officers testimony alone. Martin was sentenced to forty-five (45) days Seg.

on both counts. A total of (90) days Seg. and lost of all privileges.

Constitutional violation: Because Sgt. Logan finding of guilt did not rest on constitutionally adequate evidence. Logan violated Martin's Due Process, (Fourteenth Amendment) when he found Martin guilty on the arresting Officer's testimony alone.

Defendant # IV: Capt. Kenneth Sconyer

Claims: Due Process

Facts: On November 23, 2003, the below listed inmates received final copies of disciplinaries and citations approved and signed on November 19, 2003, by Captain Knox.

1. Melvin Patton, # 211539
2. Robert Presley, #157440
3. Larry Johnson, # 115808
4. Johnny Davis, #204435
5. Robert David, # 149863

Martin received a copy on the same date, signed and approved on the same date by Capt. Kenneth Sconyer, who was a Lieutenant at the time. Martin questioned Lt. Sconyer why his disciplinary was the only one that he signed that day. Lt. Sconyer did not respond. Martin has copies of that question and it will be used as an exhibit later in this complaint.

Constitutional Violation: Lt. Sconyer violated Martin's Due Process when he approved sanctions on a disciplinary that Martin was found guilty on the arresting Officers testimony alone.

Defendant # V: Warden Arnold Holt

Claims: Retaliation

Facts: On June 13, 2005, Martin was Court Ordered transfered to Bullock From Easterling. On September 23, 2005, Martin was placed in Seg. Martin submitted several affidavits to Warden Holt, which will be used later in this complaint. Martin informed Warden Holt that he has a Civil Complaint pending against a ALDOC Offical. martin informed

3

Holt that he was transfered there because of harassment, and that he is still encountering harassment. Martin requested holt to tell his Officers to stop harassing him. However, Warden Holt did nothing to stop the harassment.

Constitutional violation: Warden Holt violated Martin's Rights under the First Amendment by retaliating against Martin. Warden Holt has knowledge that Martin has a law suit pending, Also, He has knowledge of the harassment, and his refusal to stop the harassment proves he is guilty of retaliation.

Defendant # VI: Mr. Blackledge (Classification)

Claims: Retaliation

Facts: On October 19, 2005, in the Seg. Unit at Bullock, Mr. Blackledge was asked by the Seg. Board to vote on inmate Martin for a early release from Seg. martin's behavior in seg. was excellent. When Blackledge voted, He said, "I want this Board to know that every time we come back here in Seg. my vote for Silas will be NO." Mr. Blackledge was questioned on an affidavit why he refused to release Martin. This affidavit will be used later in this complaint.

Constitutional violation: Mr. Blackledge violated Martin's rights under the first amendment when he retaliated against Martin when he refused to release martin from Seg. because Martin has a law suit pending against a ALDOC Official.

Defendant # VII: Capt. S. Nettles

Claims: Retaliation/Due Process

Facts: On September 26, 2005, Martin submitted affidavits to Capt. Nettles, and informed Nettles that he has a law suit pending against a ALDOC Official and that he is being harassed. However, the harassment did not stop. Also, on March 23, 2005, Nettles approved sanctions on A

4

disciplinary against Martin.

Constitutional violations: Capt. Nettles violated Martin's rights under the First Amendment and Fourteenth Amendment when he retaliated against Martin by refusing to stop the harassment and when he approved sanctions on a disciplinary that Martin was found guilty on the arresting Officer's testimony alone.

Defendant # VIII: Sgt. C. Specks

Claim: Retaliation

Facts: On September 23, 2005, Sgt. Specks violated martin's rights under the First Amdnement when he retaliated against Martin because of a pending law suit. CONSTITUTIONAL VIOLATION: FIRST AMENDMENT

Defendant # IX: Officer Harvey Ruffin (CO I)

Claim: Retaliation

Facts: On or around October 18, 2005, in the Seg. Unit at Bullock, a Maintenance man fixed a broken light in Martin's cell. After the Maintenae man finished, Officer Harvey Ruffin, (CO I) stated to inmate Martin, "now we don't have to worry about you sueing us."

Constitutional violation: Officer Ruffin violated Martin's Rights under teh First Amendment when he verbally retaliated against Martin in reference to a law suit.

Defendant # X: Lasonja Haynes (CO I)

Claims: Due Process

Facts: On March 18, AND MAY 24, 2006, during disciplinary hearings, Officer Haynes, found Martin guilty on the arresting Officer's testimony alone. Martin was sentenced to a total of seventy-five (75) days Seg. and (75) seventy-five days loss of all privileges.

Constitutional violation: Because Officer Hayne's findings of guilt did not rest on constitutionally adequate evidence. Officer Haynes

5

violated Martin's Due Proces by finding Martin guilty on the arresting Officer's testimony alone.

Defendant 3 XI:   Steward Barbara Jones

Claims:   Retaliation

Facts:   On or around January 5, 2006, inside the kitchen at Bullock, Ms. Jones stated to inmate Martin, "I know you got a Law suit pending against ALDOC, and I hate people who files lawsuits."  Therefore, I should write you a disciplinary right now and lie against you.  Nevertheless, On March 12, 2006, Ms. Jones did write Martin a disciplinary.  Disciplinary date, March 12, 2006.

Constitutional violation:  Ms. Jones violated Martin's Rights under the Fist Amendment when she wrote Martin a Disciplinary in retaliation.

Defendant # XII:   LT. Gwendolyn Babers

Claims:   Retaliation

Facts:   On September 23, 2005, Martin was placed in Seg.  After serving forty (40) days in Seg., Martin was released.  Martin remained in population only five (5) days before he was oredered by Lt. Babers to pack his property and report back to Seg.  Two (2) days later, Martin received a dsiciplinary.

Constitutional violation:  Lt. Babers violated Martin's rights under the First Amendment when she retaliated by placing Martin in Seg. for no reason and wrote Martin a dsiciplinary.

Disciplinary date, November 7, 2005; Bullock Facility

Defendant # XIII:   Officer Melvin Curry

Claims:   Due Process

Facts:   On November 14, 2005, at Bullock, during a dsiciplinary hearing, Officer Curry found Martin guilty on the arresting Officers testimony alone.  Martin was sentenced to forty-five (45) days Seg., and

forty-five (45) days loss of all privileges.

Constitutional violation: Because Officer Curry's finding of guilt did not rest on Constitutionally adequate evidence. Officer Curry violated Martin's due process by finding Martin guilty on the arresting Officers testimony alone.

Defendant # XIV: Rodrick Talley

Claims: REtaliation

Facts: On May 17, 2006, at Bullock, during morning yard call, inmate Martin along with fourteen (14) or fifteen (15) other inmates were standing on the volleyball court looking in the direction of work release. Officer Talley signaled out Martin and two other inmates and ordered them not to look in the direction of work release. Five (5) days later, Martin and those two inmates received disciplinaries. Martin has copies of Petitions that inmates signed that states that there is not a Rule violation that forbids inmates form standing on the volleyball court and looking in the direction of work release.

DISCIPLINARY DATE: MAY 17, 2006

Constitutional violation: Officer Talley violated Martin's rights under the First Amendment when he wrote Martin a dsiciplinary for no reason in retaliation because Martin has a law suit pending against a ALDOC Official.

Defendant # XV: Warden Boyd (Assisstant)

Claim: Due Process

Facts: On November 15, 2005, and May 26, 2006, Warden Boyd approved sanctions on disciplinaries against Martin.

Constitutional violation: Warden Boyd violated Martin's due process when he approved sanctions on disciplinaries that Martin was found guilty on arresting officers testimony alone.

7

According to the Constitution of the United States, retaliation and denial of due process violates the First Amendment Rights along with due process and equal protection of the Fourteenth Amendment Rights, and the above named Defendants did violate Silas Martin's First and Fourteenth Amendment Rights.

Done this 26 day of June, 2006.

Respectfully Submitted,

*Silas Martin 145609*
Silas Martin #145609
Bullock Corr. Fac.
P.O. Box 5107
Union Springs, AL 36089

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon: Office of the Clerk, United States District Court, P.O. Box 711, Montgomery, AL 36101-0711, by properly submitting a copy to each in the United States mail this the 26 day of June, 2006.

*Silas Martin*
Silas Martin, Pro-Se