IN THE  UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

SILAS MARTIN, #145609                          *

     Plaintiff,                               *

     v.                                       *          2:06-CV-490-WKW
                                                              (WO)
WARDEN ARNOLD HOLT, *et al.*,                   *

     Defendants.                              *

_____

**ORDER**

On June 27, 2006 Plaintiff filed an amended complaint in accordance with the court's order entered on June 19, 2006.  Plaintiff was ordered to amend his complaint because the original complaint contained only general conclusions of constitutional violations and failed to identify factual allegations material to specific counts lodged against each named defendant with respect to alleged violations of Plaintiff's constitutional rights. (*See* Doc. No. 8.)

Upon review of Plaintiff's amended complaint, the court finds that Plaintiff provided information describing factual allegations material to specific counts lodged against each of the named defendants with respect to alleged violations of his constitutional rights.  This "fleshing out" of Plaintiff's allegations, however, reveals that the amended complaint alleges claims based on disputes concerning several unrelated disciplinary proceedings, and various

separate incidents of verbal abuse and/or harassment and separate instances of retaliation, all of which have occurred at different times over the past two years. In addition to the variety of claims, Plaintiff identifies as Defendants persons located at different correctional institutions located within the jurisdiction of this District.

In light of the foregoing, it is

ORDERED that on or before **July 12, 2006**, Plaintiff shall file a seconded amended complaint on a form for use in filing a 42 U.S.C. § 1983 complaint. *See* Local Rule 9.1 (requiring *pro se* litigants to utilize court's forms). Plaintiff's original and first amended complaints shall be superseded by this second amended complaint. The claims and defendants in the complaint form should be less numerous than those contained in the original and first amended complaints, because Plaintiff must file a *separate complaint* for each claim unless the claims are related to the same incident or issue.[1] Thus, for each different claim, Plaintiff must file a separate complaint and pay the $350.00 filing fee or, in lieu thereof, file a motion to proceed without prepayment of fees and costs. Plaintiff must, therefore, decide which claims he will pursue in this action.

Accordingly, it is further ORDERED that:

1. Plaintiff shall file a second amended complaint containing one claim and any

---

[1]Plaintiff's assertion that different acts of disciplinary conduct, retaliation, and/or harassment are related to his filing of a previous lawsuit does not make each separate instance of conduct about which he complains related to that same incident. Thus, for each separate incident of disciplinary conduct, harassment, and/or retaliation about which he complains, Plaintiff must bring such claims in a separate complaint(s) along with any other claim related to that *specific* incident or issue.

claims that can be shown closely related to it, *i.e.*, arising out of the *same incident or facts*. Claims concerning Defendants located at different institutions must be brought in other actions filed in the district where the prison is located;

2. In that portion of the complaint form where Plaintiff must identify each individual that he seeks to name as a defendant, Plaintiff must provide facts to show that particular individual's participation or involvement in his claim. That is, Plaintiff must state specifically what that individual defendant did or failed to do and what he or she knew. If there are more defendants than there are spaces on the form, Plaintiff may attach additional pages to the form, but he must follow the format contained in the form for each additional defendant and identify his claim(s) against each defendant;

3. Plaintiff's amended complaint should comply with F.R.Civ.P. 8(a) which requires that a plaintiff plead "'a *short and plain* statement of the claim that will give the defendant fair notice of what the plaintiff's claim' is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (emphasis added) (quoting *Conley v. Gibson*, 355 U.S. 41, 47(1957); *see Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) (finding vague and conclusory claims are subject to dismissal).

The Clerk is DIRECTED to send to Plaintiff a form for use in filing a complaint under § 1983. Plaintiff is advised that his failure to file a second amended complaint within the

prescribed time and in accordance with the directives contained in this order will result in a Recommendation that this case be dismissed for failure to prosecute and to obey the court's order. Furthermore, the failure to plead a second amended complaint in accordance with the specific directives contained herein and that complies with F.R.Civ.P. 8(a) -- that is, a complaint that provides fair notice to the court and a defendant of the claim against the defendant, after being required to replead a complaint -- will result in a Recommendation that the complaint be dismissed under F.R.Civ.P. 41(b) for failure to comply with the court's order. *Pelletier v. Zweifel*, 921 F.2d 1465, 1522 n.103 (11th Cir. 1991).

DONE, this 29th day of July, 2006.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE